# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GREGG ANDREW TCHIRKOW,<br><br>Petitioner,<br><br>v.<br><br>JOHN WALTON, JOSH SHAPIRO,<br>DISTRICT ATTORNEY OF<br>WESTMORELAND COUNTY, and<br>PENNSYLVANIA BOARD OF PROBATION<br>AND PAROLE,<br><br>Respondents. | Civil Action No. 18-560<br>Magistrate Judge Maureen P. Kelly |

## ORDER

Gregg Andrew Tchirkow ("Petitioner") initiated this Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254 (the "Petition"). As explained in this Court's recent Order To Show Cause, ECF No. 20, although not clear in the Petition itself, the Respondents' Answers clarified that Petitioner is challenging neither his conviction or his sentence as imposed but is instead challenging his then ongoing detention in the Westmoreland County Prison. As noted previously, the sole ground for relief that Petitioner raises is as follows:

> I am being held in the Westmoreland County Prison without access to the courts, without legal representation, without appellate rights, without an assigned judge or a defined jail term. I am being arbitrarily detained and devoid of any state legal process .... I was charged on 8/21/17 for an incident that occurred on 7/19/17 before my year of consecutive probation to my state sentence was to commence, having no violating effect on 393C2014.

ECF No. 1 at 5.

The Answer filed by the Pennsylvania Board of Probation and Parole (the "Board"), ECF No. 17, and the Answer filed by the Westmoreland County District Attorney's Office, ECF No. 18, helped to clarify exactly what Petitioner is complaining about.[1]

As explained in the Order to Show Cause:

> The two Answers indicate that Petitioner had been sentenced on June 8, 2015 to serve 18 to 36 months incarceration followed by 2 years of state supervised probation by the Board. ECF No. 18 ¶ 4. After Petitioner filed a Motion for Reconsideration, the sentencing order was amended to reduce his supervised probation to only one year. Id. ¶ 5. Moreover, after Petitioner's 18 to 36 month sentence of incarceration had reached its maximum and was completed on August 1, 2017, Petitioner was going to be released to begin his consecutive sentence of one year probation. However, "due to Petitioner's refusal to sign off on the rules of his state-supervised probation, he was returned from state prison to the Westmoreland County Jail at the expiration of his maximum term of incarceration." ECF No. 18 ¶ 6. On June 4, 2018, while Petitioner was still housed in the Westmoreland County Prison, Senior Judge Timothy P. Creany ordered that Petitioner was to be released from Westmoreland County Prison as soon as he complied with administrative processing required by the Board. Id. ¶ 8. On June 29, 2018, Senior Judge Creany ordered that Petitioner shall remain at the Westmoreland County Prison until he complies with the conditions of his release in the June 4, 2018 Order of Court or until his sentence of probation would expire on August 1, 2018. Id. ¶ 9. Petitioner apparently refused to sign the paperwork which would have permitted him to be released from the Westmoreland County Prison, and, as a consequence, Petitioner remained in the Westmoreland County Prison until August 1, 2018, when he was released at what would have been the completion of his sentence of probation, if he had signed the paperwork permitting him to be released on probation. Id. ¶ 10.
> Meanwhile, Petitioner initiated the present habeas proceedings in this Court on May 2, 2018 with the filing of the Petition, which, as read through the lens of the Answers, demonstrated that the Petition was only challenging Petitioner's ongoing custody in the Westmoreland County Prison after he had completed his maximum sentence of incarceration on August 1, 2017 (nearly one year prior to the filing of this Petition) and was then being held until he formally agreed to the conditions of his probation.
> As the Answers explain, the custody that Petitioner was challenging by means of this Petition, ended on August 1, 2018, when he was released from the Westmoreland County Jail. Furthermore, the Board's Answer explains that "Petitioner is no long under supervision" as of August 1, 2018. ECF No. 17 ¶ 5.

---

[1] All parties have consented to the exercise of plenary jurisdiction by the Magistrate Judge. ECF Nos. 5, 9, and 14.

> That Petitioner is now at liberty is confirmed by a recent filing made by Petitioner, i.e., ECF No. 19, wherein he indicates that his current address is apparently that of a private residence.

ECF No. 20 at 2 – 3.

In light of the foregoing, the Court ordered Petitioner to show cause why this Petition did not become moot upon his release from all custody of which he was complaining. ECF No. 20. Petitioner filed his response to the Order to Show Cause, which was docketed as a "Motion for Order to Show Cause" ("Response"). ECF No. 21.

Unfortunately, Petitioner's Response does not directly address the pertinent question of why the Petition has not been rendered moot upon his release from the confinement, which he was challenging as unconstitutional. The most that Petitioner says as to why he believes this case should continue is that he wants the case to remain open because he believes that by doing so he can acquire the digital transcription of his criminal trial. ECF No. 21 at 2 ("In summary, I am attempting to keep 18-560 active as a catalyst to acquire the digital transcription from my trial. Westmoreland Judiciary has played game after game to deny them."). The Response is simply inadequate to carry Petitioner's burden to show that the instant habeas case is not moot.

Because Petitioner challenged solely his period of confinement brought about by his refusal to comply with the requirements for his release on probation, and that period of confinement ended during the pendency of this Petition, the Petition is now moot and Petitioner has not carried his burden show otherwise. See, e.g., DeFoy v. McCullough, 393 F.3d 439 (3d Cir. 2005) (it is a habeas petitioner's burden to demonstrate that his case is not moot once he has been released from the custody where he is merely challenging the custody); Bohannon v. Capozza, CV 18-1238, 2019 WL 367037, at *3 (W.D. Pa. Jan. 30, 2019) ("As nothing in Petitioner's Response to the Order to Show Cause carries his burden to establish that the Petition, challenging the detainer and

3

detention pursuant thereto, is not now moot, the Petition should be dismissed as moot."); Buck v. Pugh, CIV.A. 12-1669, 2013 WL 3972654, at *2 (W.D. Pa. July 30, 2013) ("because Petitioner has been released from the custody of the Bureau of Prisons ('BOP') and because we do not presume collateral consequences, and because Petitioner has not carried his burden to avoid a finding of mootness by him showing a continuing injury, which is attributable to the loss of GCT credits, the Petition should be dismissed as moot.").

In light of his release, we do not find that Petitioner's desired purpose of keeping this case alive solely for the purpose of acquiring the "digital transcription" from his trial, is a sufficient reason for finding this habeas case not moot. See e.g., Josey v. Pennsylvania Bd. of Probation and Parole, 1:13-CV-0043, 2014 WL 310448, at *3 (M.D. Pa. Jan. 28, 2014) ("Simply stated, habeas is not available to review questions unrelated to the cause of detention. Its sole function is to grant relief from unlawful imprisonment or custody and it cannot be used properly for any other purpose.... [I]t cannot be utilized as ... a springboard to adjudicate matters foreign to the question of the legality of custody.") (quoting Pierre v. United States, 525 F.2d 933, 935–36 (5th Cir. 1976)). Accord Hernandez v. Martinez, CIV.A. 09-324, 2010 WL 1541678, at *2 (W.D. Pa. Mar. 30, 2010), *report and recommendation adopted*, 2010 WL 1541451 (W.D. Pa. Apr. 16, 2010).

In light of the foregoing, and despite Petitioner having been given an opportunity to show why this case is not moot, and because of his failure to carry that burden, it is hereby ORDERED that the Petition is DISMISSED as MOOT. A Certificate of Appealability is denied as jurists of reason would not find this disposition to be debatable.

BY THE COURT:

Date: July 15, 2019

MAUREEN P. KELLY
UNITED STATES MAGISTRATE JUDGE

4

cc: GREGG ANDREW TCHIRKOW
278 Murray's Lane
Pittsburgh, PA 15234

All Counsel of Record via CM-ECF